Todd M. Friedman (216752)
Meghan E. George (274525)
Adrian R. Bacon (280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MUSTHALER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK; DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff CHRISTINE MUSTHALER ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this class action Complaint against Defendant JP MORGAN CHASE BANK (hereinafter "Defendant") to stop Defendant's practice of falsely advertising that it will provide services that it has no intention to provide and to redress for a nationwide class of consumers ("Class Members") who were charged interest and late fees they did not owe, within the applicable statute of limitations period, by Defendant.

2.      Defendant is a California limited liability company and is engaged in the business of provided loans and related services with its headquarters and principle place of business in California

3.      Defendant represents that it gives consumers the choice as to whether they elect Defendant to provide coverage against insufficient funds, or whether they do not want Defendant to approve those transactions.

4.      Plaintiff and others similarly situated elected not to have coverage against insufficient funds transactions.

5.      Defendant misrepresented and falsely advertised to Plaintiff and others they would honor Plaintiff's election.

6.      However, Chase provided coverage against insufficient funds, despite Plaintiff's specific instruction not to do so, and then charged Plaintiff a $34.00 insufficient funds fee for each transaction.

7.      Defendant's misrepresentations to Plaintiff and others similarly situated caused them to incur these insufficient funds charges, which Plaintiff and others similarly situated would not have been charged with, had Defendant abided by Plaintiff's instruction not to provide coverage against insufficient funds.  In so doing, Defendant has violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

8.     Consumers open checking accounts with Defendant. When a consumer opens a checking account with Chase, Chase provides the consumer with the choice as to whether they wish to have Defendant provide coverage against an insufficient funds transaction, or whether the Plaintiff wants Defendant to deny those transactions outright.

9.     Plaintiff, and similarly situated consumers, elected that Defendant deny any transactions where Plaintiff's accounts contained insufficient funds to complete the transaction.

10.     Consumers rely on the representations and advertisements of loan providers in order to know which loans to purchase.

11.     However, despite Plaintiff's specific instruction not to process any such transactions, Defendant did so without Plaintiff's consent. Thereafter, Plaintiff was charged $34.00 in insufficient funds fees, for each transaction that Defendant processed.

12.     The aforementioned representations that Defendant will not process transactions where Plaintiff has insufficient funds to do so is objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq.. Those actions, coupled with Defendant subsequent charges of $34.00 for each transaction in which there are insufficient funds, constitute an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

13.     Defendant's violations of the law include, but not limited to, the false advertising, marketing, and misrepresentations to consumers in California.

**JURISDICTION AND VENUE**

14.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

15.     This matter is properly venued in the United States District Court for

the Central District of California, in that Defendant does business in the Central District of California and has its principal place of business and headquarters within this district. A substantial portion of the events giving rise to Defendant's liability took place in this district.

16.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

17.     In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

18.     Plaintiff Christine Musthaler is a citizen and resident of the State of California, County of Orange.

19.     Defendant JP MORGAN CHASE BANK is a corporation with its principle place of business located in New York, which conducts business in the State of California.

20.     Plaintiff alleges, on information and belief, that Defendant's marketing campaigns and representations, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California, nationwide.

21.     Plaintiff is informed and believes, and thereon alleges, that at all time

CLASS ACTION COMPLAINT

relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

22.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

23.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

24.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

25.     Plaintiff, a customer of Defendant, specifically elected that Defendant not process any transactions where there were insufficient funds to do so.

26.     Upon opening her account, Defendant represented that if Plaintiff instructed Defendant not to process any transactions where there were insufficient funds to do so, Defendant would simply deny those transactions.

27.     Plaintiff, on Defendant's representations, used her debit card with the

belief that no transaction would be processed when Plaintiff did not have sufficient funds to complete the transaction.

28.    In August, 2016, Plaintiff's account was overdrawn, when Defendant processed a transaction where Plaintiff did not have sufficient funds to complete the transaction, despite Plaintiff's clear instructions that Defendant deny transactions where Plaintiff did not have sufficient funds to complete the transaction.

30.    After completing the transaction, and overdrawing Plaintiff's account, Defendant then charged Plaintiff a $34.00 insufficient funds fee, for having to cover the transaction, even despite Plaintiff's clear instruction that Defendant deny any such transaction.

31.    Plaintiff immediately complained to Defendant, who acknowledged their wrongdoing, and refunded Plaintiff's $34.00. However, incredibly, on September 2, 2016, Defendant cleared a check for $41.02, when Plaintiff did not have sufficient funds in her account. Again, Defendant overdrew Plaintiff's account, and charged her a $34.00 insufficient funds fee.

32.    Plaintiff again complained to Defendant, telling them that they did not have consent to clear the check, as Plaintiff did not have overdraft protection on the account, nor did she have sufficient fees to complete the transaction. Defendant refused to refund the $34.00 insufficient funds fee, despite the fact that Plaintiff never gave Defendant consent to process transactions where there were insufficient funds to do so.

33.    Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

34.    Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's services.

35.    Had Defendant properly marketed, advertised, and represented the overdraft protection and insufficient funds fees, Plaintiff would not have paid these fees.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

37.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, were charged insufficient funds fees, but did not have overdraft protection on their accounts.

38.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

39.    Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

40.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

41.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

42.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

43.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

44.    There are common questions of law and fact as to the Class Members

CLASS ACTION COMPLAINT

that predominate over questions affecting only individual members, including but not limited to:

> (a)  Whether Defendant engaged in unlawful, unfair, or deceptive business practices in charging higher interest to Plaintiff and other Class Members;
>
> (b)  Whether Defendant made misrepresentations with respect to the overdraft protection;
>
> (c)  Whether Defendant profited from the charging of insufficient funds fees;
>
> (d)  Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;
>
> (e)  Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;
>
> (f)  Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;
>
> (g)  Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and
>
> (h)  The method of calculation and extent of damages for Plaintiff and Class Members.

45.  Plaintiff is a member of the class she seeks to represent

46.  The claims of Plaintiff are not only typical of all class members, they are identical.

47.  All claims of Plaintiff and the class are based on the exact same legal theories.

48.  Plaintiff has no interest antagonistic to, or in conflict with, the class.

49.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff paid a higher interest from Defendant during the Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.   Plaintiff's claims are typical of all Class Members as demonstrated herein.

50.     Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

51.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

52.     Plaintiff incorporates by reference each allegation set forth above.

53.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

54.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

55.     Defendant misled consumers by making misrepresentations and untrue statements about the overdraft protection, namely, Defendant charges the

insufficient funds fees despite advertising that if a consumer does not elect to have overdraft protection on their account, then transactions will simply be denied when there are insufficient funds to process it. Defendant knowingly made false representations to Plaintiff and other putative class members in order to solicit these transactions, in order to charge overdraft protection fees.

56.     Specifically, Defendant explicitly stated that an insufficient funds fee would not be charged, if a consumer did not have overdraft protection, and that the transaction would simply be denied.

57.     Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

58.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Higher interest, namely that the services provided were in fact provided.  In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Higher interest.  In turn Plaintiff and other Class Members ended up with services that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

59.     Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

60.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its

CLASS ACTION COMPLAINT

employees, that a transaction where there were insufficient funds available would simply be denied, and that insufficient funds charges would not be incurred.

61.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

62.     Plaintiff incorporates by reference each allegation set forth above.

63.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.   Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.   Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

64.     California Business & Professions Code § 17200 prohibits any

CLASS ACTION COMPLAINT

"unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

65. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

66. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to charge them falsely described insufficient funds fees. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

67. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class to spend money, relying on the representations that any transactions would be denied where there are insufficient funds, only to charge a $34.00 fee when those transactions are processed without consent. Defendant unfairly profited in that Defendant knew that these transactions were not authorized. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any

countervailing benefits to consumers.

68.     Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided.   After Defendant falsely represented these consumers would not be covered in the event of insufficient funds, the consumers suffered injury in fact due to Defendant's processing of the transactions and subsequent charging the consumers the insufficient funds fees.  Defendant expressly told consumers that they would not engage in this conduct, and did exactly the opposite.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to pay these insufficient funds fees.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

69.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

70.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

71.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

72.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that

Defendant's fraudulent business practice would deceive other members of the public.

73.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

74.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

75.     As explained above, Defendant deceived Plaintiff and other Class Members by representing that they would not process transactions where there were insufficient funds to do so.

76.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge insufficient funds fees, in violation of California Business and Professions Code Section 17500, et seq.  Had Defendant not falsely advertised, marketed or misrepresented that they would not have processed these transactions if consumers did not have overdraft protection on the account, Plaintiff and Class Members would not have paid these insufficient funds fees. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

77.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

78.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to

1  correct its actions.

2  **MISCELLANEOUS**

3  79.    Plaintiff and Class Members allege that they have fully complied with

4  all contractual and other legal obligations and fully complied with all conditions

5  precedent to bringing this action or all such obligations or conditions are excused.

6  **REQUEST FOR JURY TRIAL**

7  80.    Plaintiff requests a trial by jury as to all claims so triable.

8  **PRAYER FOR RELIEF**

9  81.    Plaintiff, on behalf of himself and the Class, requests the following

10  relief:

11      (a)   An order certifying the Class and appointing Plaintiff as

12          Representative of the Class;

13      (b)   An order certifying the undersigned counsel as Class Counsel;

14      (c)   An order requiring JP MORGAN CHASE BANK, at its own

15          cost, to notify all Class Members of the unlawful and deceptive

16          conduct herein;

17      (d)   An order requiring JP MORGAN CHASE BANK to engage in

18          corrective advertising regarding the conduct discussed above;

19      (e)   Actual damages suffered by Plaintiff and Class Members as

20          applicable or full restitution of all funds acquired from Plaintiff

21          and Class Members from the charging higher interest during

22          the relevant class period;

23      (f)   Punitive damages, as allowable, in an amount determined by

24          the Court or jury;

25      (g)   Any and all statutory enhanced damages;

26      (h)   All reasonable and necessary attorneys' fees and costs provided

27          by statute, common law or the Court's inherent power;

28

CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| (i) | Pre- and post-judgment interest; and |
| (j) | All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court. |

Dated:  May 4, 2017                    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff

CLASS ACTION COMPLAINT